UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SOUTHERN SNOW                                    CIVIL ACTION
MANUFACTURING CO., INC.

V.                                               NO. 14-579

ANDREA IRVIN AND                                 SECTION "F"
PITTMAN, GERMANY,
ROBERTS & WELSH, LLP


ORDER AND REASONS

Before the Court are two motions[1] by the defendants Andrea
Irvin and her law firm Pittman, Germany, Roberts, & Welsh, LLP
(PGRW): the first to dismiss for lack of personal jurisdiction and
improper venue, or alternatively to transfer to a proper or more
convenient venue, and the second to dismiss pursuant to Federal
Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the
first motion is DENIED, and the second motion to dismiss pursuant
to 12(b)(6) is GRANTED, and the case is DISMISSED.

Background

Southern Snow Manufacturing Company, Inc. filed this action
for abuse of process and malicious prosecution in March 2014.
Southern Snow is a Louisiana corporation, Ms. Irvin is a natural
person domiciled in Mississippi, and PGRW is her Mississippi law

---

[1]The Court notes with curiosity that the defendants filed a
total of four motions, two being near duplicates of the others.
The Court reminds the parties not to waste judicial resources with
duplicate filings.

firm.

The underlying litigation of which Southern Snow complains is a products liability lawsuit.   In summer 2007 in Adams County Mississippi, Andrea Irvin was seriously injured while cleaning a shaved ice machine manufactured by Southern Snow.   In June 2009, Ms. Irvin filed a products liability suit against Southern Snow in the Circuit Court for Adams County, Mississippi.   A process server provided an executed return of service upon Southern Snow that was sworn to and signed by the process server and certified by a notary public.   In fall 2009, Ms. Irvin obtained a default judgment against Southern Snow.   In May 2010, she filed a Petition to Make Foreign Judgment Executory in the 25th Judicial District for the Parish of Plaquemines, which was granted.   In June 2010, Southern Snow filed a Motion to Stay Execution of Judgment. Southern Snow contested proper service of the June 2009 Adams County lawsuit. Because of the potential problem with the service of process, Ms. Irvin entered into a consent judgment with Southern Snow through which she abandoned her attempt to collect on the default judgment. The consent judgment was entered in November 2010.  To preserve her cause of action against the running of the three-year Mississippi statute of limitations, Ms. Irvin re-filed her complaint in the Circuit Court of Adams County in July 2010.

In December 2010, Southern Snow removed the second case to the United States District Court for the Southern District of

Mississippi.  In March 2011, Southern Snow moved to dismiss Ms. Irvin's claims for lack of personal jurisdiction, and the motion was granted.  The United States Court of Appeals for the Fifth Circuit affirmed the dismissal on March 13, 2013.  Soon thereafter, Ms. Irvin requested that the Mississippi state court mark as cancelled the default judgment resulting from the first lawsuit. A Certificate of Cancellation Judgment was issued on April 23, 2013.

On March 13, 2014, Southern Snow filed this action for abuse of process and malicious prosecution against PGRW and Ms. Irvin. The PGRW law firm and Ms. Irvin move to dismiss the claims against them for lack of personal jurisdiction and improper venue (or for transfer to proper or more convenient venue) and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## I. Personal Jurisdiction

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to present by motion a defense that the Court lacks personal jurisdiction over it.

When nonresidents like the defendants move to dismiss for lack of personal jurisdiction, the plaintiff seeking to invoke the jurisdiction of this Court bears the burden of establishing it. See Luv N' Care v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006).  The plaintiff may meet its burden by presenting a prima

facie case for personal jurisdiction where, as here, the Court decides the matter without an evidentiary hearing.  Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994).  The Court will take all uncontroverted allegations in the complaint as true and resolve any conflicts in the plaintiff's favor.  Id.  The Court is not restricted to pleadings, but may consider affidavits, interrogatories, depositions, or any other appropriate method of discovery.  Id.; see Jobe v. ATR Mktg., Inc., 87 F.3d 751, 752 (5th Cir. 1996).

The Court may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied:  (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the boundaries of Due Process.  See Seiferth v. Helicópteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006).  Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over the defendant would offend due process.  See LA. REV. STAT. ANN. § 13:3201(B); Luv N' Care, 438 F.3d at 469; see also Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 871 (5th Cir. 1999).

The Due Process Clause limits the Court's power to assert personal jurisdiction over a nonresident defendant.  Helicópteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14 (1994).

4

That is, a nonresident defendant must have meaningful minimum "contacts, ties, or relations" with the forum state for jurisdiction to be constitutional.  See Luv N' Care, 438 F.3d at 469 (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 319 (1945)). The minimum contacts analysis asks whether the nonresident defendant purposefully availed himself of the benefits and protections of the forum.  Wilson v. Belin, 20 F.3d 644, 647 (5th Cir. 1994).

The minimum contacts test takes two forms, and the constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court seeks to exercise general or specific jurisdiction over the defendant.  Specific jurisdiction exists if the plaintiff shows that the defendant has purposely directed its activities toward the forum state and that its cause of action arises out of or results from the defendant's forum-related contacts.  Luv N' Care, 438 F.3d at 469 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) and Nuovo Pignone v. STORMAN ASIA M/V, 310 F.3d 374, 378 (5th Cir. 2002)).  Once the plaintiff makes this preliminary showing, personal jurisdiction will lie so long as maintaining the suit will not "offend traditional notions of fair play and substantial justice."  Id. General jurisdiction, on the other hand, exists where contacts between the defendant and the forum state have been continuous and systematic to such an extent that the exercise of personal

jurisdiction is justified.  <u>Dickson Marine, Inc. v. Panalina, Inc.</u>,
179 F.3d 331, 339 (5th Cir. 1999).

The defendants contend that the Court does not have personal
jurisdiction over them.  The Court disagrees.  Resolving all
disputes in the plaintiff's favor, the Court finds that it properly
exercises specific jurisdiction over the defendants.  The
defendants purposefully availed themselves of the courts of
Louisiana when they filed a Petition to Make Foreign Judgment
Executory in the 25th Judicial District for the Parish of
Plaquemines in May 2010.  The plaintiff's claims of malicious
prosecution and abuse of process both arise in large part from the
filing of this petition in Louisiana state court.  Both defendants
participated in this filing, availing themselves of the forum.
Thus, the Court finds that the exercise of personal jurisdiction
over the defendants is proper.

## II. Venue

Venue is governed by 28 U.S.C. § 1391, which provides that a
civil action may be brought in:

> (1) a judicial district in which any defendant resides,
> if all defendants are residents of the State in which the
> district is located;
>
> (2) a judicial district in which a substantial part of
> the events or omissions giving rise to the claim
> occurred, or a substantial part of property that is the
> subject of the action is situated; or
>
> (3) if there is no district in which an action may
> otherwise be brought as provided in this section, any
> judicial district in which any defendant is subject to

the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Plaintiff alleges that venue is proper under § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana. "When venue is challenged, the burden is on the plaintiff to establish that the district he chose is a proper venue." Ross v. Digioia, No. 11-1827, 2012 WL 72703, at *2 (E.D. La. Jan. 10, 2012) (citing Perez v. Pan Am. Life Ins. Co., 70 F.3d 1268 (5th Cir. 1995)). For purpose of a Rule 12(b)(3) motion, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. Braspetro Oil Servs., Co. v. Modec (USA), Inc., 240 F. App'x 612, 615 (5th Cir. 2007). Further, in deciding whether venue is proper, the court may look outside the complaint and its attachments. Amraco Inc. v. Bossclip B.V., 570 F.3d 233, 238 (5th Cir. 2009).

Accepting as true all allegations in the complaint, the Court finds that venue lies in the Eastern District of Louisiana. The filing of the Petition to Make Foreign Judgment Executory in the 25th Judicial District for the Parish of Plaquemines is a substantial part of the events giving rise to the plaintiff's complaint. Although the defendants assert that the plaintiff shifted its focus to the Louisiana state court filing only after the defendants challenged personal jurisdiction and venue, the Louisiana state court filing forms a central part of the complaint.

7

The Court finds that the plaintiff has met its burden of establishing that this district is a proper venue.

### III. Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  But, in deciding whether dismissal is warranted, the Court will not accept

8

conclusory allegations in the complaint as true.  Kaiser, 677 F.2d at 1050.  Indeed, the Court must first identify allegations that are conclusory and thus not entitled to the assumption of truth. Iqbal, 556 U.S. at 678-79.  A corollary: legal conclusions "must be supported by factual allegations."  Id. at 678.  Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief."  Id. at 679.

    "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common

sense."   <u>Id.</u> at 679.   "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."   <u>Id.</u> at 678 (internal quotations omitted) (citing <u>Twombly</u>, 550 U.S. at 557).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" thus "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   <u>Twombly</u>, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings."   That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. <u>Causey v. Sewell Cadillac-Chevrolet, Inc.</u>, 394 F.3d 285, 288 (5th Cir. 2004) (citing <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498-99 (5th Cir. 2000)).   Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment.   <u>See</u> <u>United States ex rel. Willard v. Humana Health Plan of Tex. Inc.</u>,   336 F.3d 375, 379 (5th Cir. 2003).

A. Malicious Prosecution

To state a claim for malicious prosecution under Louisiana law, a plaintiff must allege facts supporting several essential elements:

(1)   the commencement or continuance of an original criminal or civil judicial pleading;
(2)   its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;
(3)   its bona fide termination in favor of the present plaintiff;
(4)   the absence of probable cause for such proceeding;
(5)   the presence of malice therein; and
(6)   damages conforming to legal standards resulting to plaintiff.

Hibernia Nat'l Bank of New Orleans v. Bolleter, 390 So.2d 842 (La. 1980).   Because Louisiana public policy guarantees that people acting in good faith shall have access to courts to redress wrongs, malicious prosecution lawsuits are disfavored; indeed, "in order to sustain them, a clear case must be established, where the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent."   Johnson v. Pearce, 313 So.2d 812, 816 (La. 1975)(quotation omitted).

The defendants contend that several elements of the malicious prosecution claim have not been adequately pled.   The Court agrees.

i. Bona Fide Termination

The defendants contend that the bona fide termination requirement is lacking because the underlying products liability claim has not reached a termination on the merits; the first suit

11

resulted in a default judgment that has been set aside, and the

second was dismissed for lack of personal jurisdiction.   The

plaintiff contends that the eventual setting aside of the default

judgment was a termination in its favor because it was no longer

liable for $975,000.  The Court does not agree that this satisfies

the element of bona fide termination.

A merely procedural victory, such as when a case is dismissed

on the ground of improper venue,[2] prescription,[3] or failure to allow

discovery[4] is not a bona fide termination in favor of a malicious

prosecution plaintiff.  See Deville v. Marcantel, 567 F.3d 156, 173

(5th Cir. 2009) (citation omitted), cert. denied, 130 S.Ct. 243

(2010); see also Savoie v. Rubin, 820 So. 2d 486 (La. 2002).

Procedural victories simply do not resolve the merits of the

dispute.  See Savoie, 820 So.2d at 488.  Even if a procedural

dismissal is accomplished "with prejudice," the dismissal on

technical grounds is not transformed into a conclusion on the

---

[2]Savoie v. Rubin, 820 So. 2d 486, 488 (La. 2002)(dismissal of
the underlying suit based upon an exception raising the objection
of improper venue is not a bona fide termination of the underlying
litigation in the plaintiff's favor).

[3]Milling, Benson, Woodward, Hillyer, Pierson and Miller,
L.L.P. v. American Marine Holding Co., 729 So. 2d 139, 142 (La.
App.  4 Cir. 1999) (dismissal of the underlying suit based upon an
exception raising the objection of prescription is not a bona fide
termination of the underlying litigation in the plaintiff's favor).

[4]Terro v. Chamblee, 663 So. 2d 75, 77-78 (dismissal of the
underlying suit based upon a failure to allow discovery is not a
bona fide termination of the underlying litigation in the
plaintiff's favor).

merits so as to satisfy the favorable termination element of a
malicious prosecution claim.   See Deville, 567 F.3d at 173 ("A
procedural dismissal of the [prior lawsuit], even if the dismissal
is with prejudice, does not satisfy [the bona fide termination]
element of [a malicious prosecution] cause of action.").[5]   Indeed,
the purpose of this requirement, the Louisiana high court has
observed, "is that the underlying litigation should be brought to
a conclusion on the merits before a malicious prosecution suit
based on the underlying litigation is allowed to proceed."   See
Savoie, 820 So.2d at 488.

Here, a court has never reached the merits of Ms. Irvin's
products liability suit.  The setting aside of the default judgment
and the affirming of the dismissal for lack of personal
jurisdiction–though temporarily absolving the plaintiff of monetary
liability–are not bona fide terminations in its favor.   These so-
called victories resolve nothing of the merits of Ms. Irvin's
lawsuit.  Assuming prescription does bar her suit, Ms. Irvin could
still bring a successful claim for her injuries, though not in a

------

[5]In Deville, the Fifth Circuit affirmed the district court's
ruling dismissing, on summary judgment, a malicious prosecution
claim where it was undisputed that the charges in the underlying
lawsuit were dismissed by the parish district attorney's decision
to *nolle prosse* the charges, "which is a procedural dismissal of
the charges without prejudice–not a bona fide termination in the
defendant's favor."  Id.  In reaching this conclusion, the Fifth
Circuit noted that dismissal of an indictment pursuant to La. Code
Crim. P. 691 and 693 "is not a bar to a subsequent prosecution."
Id. at 173 n.10.

Mississippi court.

### ii. Malice

The defendants contend that the plaintiff's allegations of malice are nothing more than conclusory allegations.  The Court agrees.  "Malice can be inferred when the evidence shows that 'the claimant acted with absence of caution and inquiry that a person should employ before filing suit,'" and "malice exists when there is 'knowledge that is false or a reckless disregard for the truth.'"   Wiley v. Wiley, 800 So.2d 1106 (La. App. 3 Cir. 2001)(citations omitted).   The Louisiana Supreme Court has cautioned:

> [M]alice does not submit readily to definition. . . .
> Any feeling of hatred, animosity, or ill will toward the
> plaintiff, of course, amounts to malice. . . . But it is
> not essential to prove such ill will.  Malice is found
> when the defendant uses the prosecution for the purpose
> of obtaining an unfair advantage, for instance, as a
> means to extort money, to collect a debt, to recover
> property, to compel performance of a contract, . . . or
> as an experiment to discover who might have committed the
> crime.

Miller v. East Baton Rouge Parish Sheriff's Dep't, 511 So. 2d 446, 453 (La. 1987) (internal quotations and citations omitted).

The plaintiff focuses on an alleged material misstatement that the defendants made for the purpose of obtaining a default judgment against Southern Snow.   It claims that the defendants knew or willfully refused to ascertain that proper service had not been made.   There are no specific facts supporting this conclusory allegation, and the defendants respond that they hired a process

14

server who provided a sworn and notarized return of service of process.  The Court will not impose a requirement on plaintiffs to independently investigate the propriety of service once they have been given such reassurances by the process server.

The plaintiff also contends that Ms. Irvin "pursued her attempt" to execute the default judgment in Louisiana state court for "6 months."  Again, the plaintiff offers no specific facts supporting this general claim.  The plaintiff alludes to "depositions, discovery, and motions practice" occurring in the Louisiana state court, but this Court has not been provided with any specific allegations of any conduct by Ms. Irvin seeking to collect on the default judgment after the plaintiff's June 2010 motion to stay the execution.  The plaintiff asks the Court to assume too much.  The Court cannot assume that the mere existence of the claim before the Louisiana state court leading up to the November 2010 consent judgment means that from June to November 2010 Ms. Irvin was actively seeking to collect on the default judgment while filing suit again in Mississippi.

The plaintiff also objects to the defendants' filing another lawsuit in Mississippi state court before the consent judgment had been entered in Louisiana.  The Court does not expect a petitioner and her lawyers to allow for a statute of limitations to toll unnecessarily.  Ms. Irvin had a right to preserve her cause of action by re-filing.

### iii. Attorney as a Party

The defendant PGRW law firm objects to the malicious prosecution claim against it because it believes it is not a proper party.  The plaintiff, in its five-page consolidated response to the motions to dismiss, does not address this argument, rendering it effectively unopposed.

Louisiana case law provides that a malicious prosecution claim cannot be stated against an attorney without factual allegations that would support "specific malice by the defendant attorney, motivating him as an attorney to persuade his clients to initiate and continue their . . . case" or facts showing that he "exceeded the scope of his authority" as an attorney. Dalton v. Breaux, 510 So. 2d 1277, 1281 (La. App. 3 Cir. 1987).  If the courts did not require such a showing, malicious prosecution could have a chilling effect on parties bringing lawsuits to redress wrongs in court. Id.  Attorneys would constantly have to weigh their clients' interests against their own fears of a malicious prosecution action if the suit proved unsuccessful.  Id.

The plaintiff does not provide any specific factual allegations in the complaint, alleging nothing more than that the attorney sought to harass, delay, and drive up the costs of litigation.  In accordance with Louisiana case law, the Court will not find a properly pled malicious prosecution claim against an attorney without a showing of specific malice or acts outside the

scope of the attorney's authority.

## B. Abuse of Process

The tort of abuse of process, as recognized by Louisiana law, consists of two essential elements: (1) an ulterior purpose and (2) a willful act in use of the process not proper in the regular conduct of litigation. Junior Money Bags, Ltd. v. Segal, 798 F. Supp. 375 (E.D. La. 1990), aff'd 970 F.2d 1 (5th Cir. 1992). The defendants contend that the plaintiff's abuse of process claim is prescribed and that it is otherwise flawed because the plaintiff cannot show any ulterior purpose on the part of Ms. Irvin or her law firm. The claim may very well be prescribed,[6] but, assuming for the sake of argument that it is not, the claim otherwise fails.

Abuse of process mandates that the plaintiff prove that the defendant had an ulterior motive and an irregularity in the process itself. Alden v. Lorning, 904 So. 2d 24, 28 (La. App. 4 Cir. 2005). When the irregular use of process is found, an ulterior motive is presumed. Id. An "'[a]buse of process involves the misuse of a process already legally issued whereby a party attempts to obtain a result not proper under the law.'" Id. at 28 (quoting

---

[6]The plaintiff contends that the abuse of process claim only began to accrue either when the Fifth Circuit affirmed the dismissal of the second Mississippi lawsuit in March 2013 or when the default judgment was canceled in April 2013. The argument fails. A cause of action for abuse of process accrues at the termination of the allegedly abusive acts, not the termination of the lawsuit complained of. Waquespack v. Lincoln, 768 So. 2d 287, 290 (La. App. 1 Cir. 2000).

Goldstein v. Serio, 496 So. 2d 412, 415 (La. App. 4 Cir. 1986)).
Using the legal process for an improper reason is the crux of
finding an abuse of process.  Id.

The same facts discussed above underlie the plaintiff's abuse
of process claim.  The plaintiff contends that the defendants
willfully maintained the action in Louisiana state court to execute
the default judgment even though they knew it was improper and that
they simultaneously filed a second lawsuit in Mississippi state
court, pursuing both at the same time.  The plaintiff claims that
when Ms. Irvin filed her second lawsuit in Mississippi, she and her
attorneys "knew" that the Mississippi court did not have personal
jurisdiction over Southern Snow, that they made "false allegations"
"willfully" "for the purpose of establishing jurisdiction that was
known not to exist."  The plaintiff offers no factual allegations
to support these conclusory assertions.  It was only in March 2013
that the Fifth Circuit affirmed the dismissal of the second lawsuit
for lack of personal jurisdiction.  From the facts before the
Court, it appears that all Ms. Irvin knew in July 2010 when she
filed her second suit in Mississippi was that Southern Snow had
objected to the service of process in the first suit and that her
statute of limitations was set to expire.

The facts alleged do not come close to showing that Ms. Irvin
used the legal process for an improper purpose when she filed suit
seeking damages for serious injuries she sustained from the use of

Southern Snow's product. See <u>Mini-Togs, Inc. v. Young</u>, 354 So. 2d 1389, 1390 (La. App. 2d Cir. 1978) (quoting 1 Am. Jur. 2d Abuse of Process) ("If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint, there is no abuse, even if the plaintiff had an ulterior motive in bringing the action.").  The plaintiff has pled no specific facts that would tend to show that in the underlying litigation Ms. Irvin sought anything but damages for her injuries. Thus, she did nothing more than use the process as intended by law. <u>Cf.</u> <u>Ratcliff v. Boydell</u>, 674 So. 2d 272, 281 (La. App 4 Cir. 1996)(finding abuse of process where the defendants, among other bad conduct, filed multiple baseless multimillion-dollar defamation suits to pressure the plaintiff to drop her lawsuit against them).

The fact that the default judgment remained in place for several years is puzzling but does not rise to the level of irregularity required in an abuse of process claim.  In fact, more often it is the party in default who seeks to have the judgment set aside.  <u>See</u> MISS. R. CIV. P. 55 advisory committee note ("If a default judgment has been entered, the defendant may move to set aside the default judgment pursuant to M.R.C.P. 60(b).").  Ms. Irvin's successive lawsuits against Southern Snow are no more irregular than this suit Southern Snow has brought against her and her law firm.

Accordingly,

IT IS ORDERED that the defendants' motion to dismiss for lack of personal jurisdiction and improper venue is DENIED.   The defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED as to all claims and parties.   The case is hereby DISMISSED.


New Orleans, Louisiana, October 6, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE