UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SOUTHERN SNOW                                              CIVIL ACTION
MANUFACTURING CO., INC.

V.                                                         NO. 14-0579

ANDREA IRVIN AND                                           SECTION "F"
PITTMAN, GERMANY,
ROBERTS & WELSH, LLP

ORDER AND REASONS

Before the Court is the plaintiff's motion for reconsideration of this Court's Order and Reasons[1] dismissing the case under Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the motion is DENIED.

Background

The facts underlying this case are set out fully in the Court's previous Order and Reasons and for the sake of brevity are not repeated here.  Southern Snow sued Andrea Irvin and her Mississippi law firm, PGRW, for malicious prosecution and abuse of process.  This Court dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(6). Southern Snow now moves for reconsideration of that dismissal under Rule 59.

I.

A district court has considerable discretion to grant or to deny a motion for reconsideration.  See Edward H. Bohlin Co. v.

---

[1]Dated October 6, 2014, Rec. Doc. 36.

1

Banning Co., 6 F.3d 350, 355 (5th Cir. 1993).  A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly.  See Fields v. Pool Offshore, Inc., No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), aff'd, 182 F.3d 353 (5th Cir. 1999); Bardwell v. George G. Sharp, Inc., Nos. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995).  The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts."  Edward H. Bohlin Co., 6 F.3d at 355. Thus, the Fifth Circuit has held that "a 59(e) motion to reconsider should not be granted unless: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching."  Infusion Resources, Inc. v. Minimed, Inc., 351 F.3d 688, 696-97 (5th Cir. 2003).  Courts have consistently denied relief under Rule 59(e) where the moving party seeks only to reargue the same points without offering new evidence or new legal support.  Sears v. Lee, 2010 WL 324385, at *1 (E.D. La. Jan. 20, 2010).

II.

In its motion for reconsideration, the plaintiff does not allege newly discovered facts or evidence or a change in law. Rather, it contends that this Court overlooked key facts in

deciding to dismiss its case. The Court disagrees. The plaintiff's arguments are addressed in turn.

First, the plaintiff contends that this Court overlooked that this case is really about "the filing of a second, exactly duplicative lawsuit without dismissing the first lawsuit, and maintaining two exactly duplicative lawsuits against Southern Snow for an unconscionably and unlawfully long time."  The Court, in fact, did not overlook this argument, which was presented in the plaintiff's response to the motions to dismiss. There, the plaintiff referenced the "culpable act" of "filing a completely duplicative lawsuit in the same improper Mississippi court even after the jurisdictional facts were established." It later stated:

> The basis of this lawsuit is that the Irvin parties held on, and tried to enforce, their improvidently granted default way past the point when they knew it was invalid. And the Irvin Defendants filed an entirely duplicative-seriously word-for-word-lawsuit while keeping the $975,000 default in place, and ignoring absolutely every fact gleaned from discovery and depositions in the 1st case.

The Court fully considered this argument and found that these facts did not give rise to a proper claim of malicious prosecution or abuse of process. Relying on Oliney v. Gardner, 771 F.2d 856 (5th Cir. 1985), the plaintiff contends that a plaintiff has no right to maintain two identical lawsuits. There, the court considered the dismissal of the second case, not a subsequent malicious prosecution or abuse of process suit. This argument should have been made, if ever, to the Mississippi court where the second

lawsuit was filed.

Second, the plaintiff contends that this Court overlooked the complaint's "Count 3 for equitable relief, where the first Mississippi lawsuit is technically still pending even though the default was eventually cancelled." This is not, in fact, what Count 3 referenced. Count 3 of the complaint states:

> Plaintiff Southern Snow Mfg. Co., Inc. is entitled to equitable relief in the form of <u>an order properly voiding and annulling, for the proper reasons, the 9-SEP-2009 $975,000 default judgment</u> in 09-KV60-S in the Circuit Court of Adams County, Mississippi, which was improvidently granted based on wilful material misstatements to that court, as set forth with specificity above.

(emphasis added). As the plaintiff itself admits in the motion for reconsideration, the default judgment in Mississippi has been cancelled. The original request for equitable relief is thus moot.

Third, the plaintiff contends that the defendants are wrong in arguing that they had to file again in Mississippi to preserve their case against a running statute of limitations. The Court will not parse out an argument about the tolling of the statute of limitations; the same conclusion would have been reached even if the plaintiff is correct. Assuming for the sake of argument that the defendant had not faced the expiration of the statute of limitations, her filing a second lawsuit in Mississippi state court would still not give rise to the kind of irregularity underlying a proper abuse of process claim.

Finally, the plaintiff contends that it should not be

4

"penalized" for failing to move to vacate the default judgment. This Court did not seek to impose such a penalty. Rather, this Court noted that the defendants' leaving the default judgment in place should not be construed as sufficiently irregular as to give rise to a cognizable claim against them, particularly because it is customarily the party in default who requests to have the default judgment set aside.

The plaintiff's motion for reconsideration fails to offer any new facts or arguments that address its failure to properly allege the essential elements of its claims for malicious prosecution and abuse of process.

Accordingly, the plaintiff's motion is DENIED.

New Orleans, Louisiana, November 14, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE